Santos Aguilar et ux v. Coy Weber et ux
















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-062-CV

     SANTOS F. AGUILAR
     AND DIANE R. AGUILAR,
                                                                         Appellants
     v.

     COY L. WEBER
     AND VIRGINIA L. WEBER,
                                                                         Appellees
 

From the County Court at Law No. 2
McLennan County, Texas
Trial Court # 20001392 CV2
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Coy and Virginia Weber (the “Webers”) filed an eviction suit against Santos and Diane
Aguilar (the “Aguilars”) in justice court following the alleged termination of a contract for the sale
of residential property. After the justice court ruled in favor of the Webers, the Aguilars appealed
to the County Court at Law No. 2 of McLennan County. That court affirmed the judgment and
awarded the Webers possession of the property. On appeal, the Aguilars argue that the trial court
erred in granting a writ of possession because: 1) the Webers failed to give the Aguilars proper
notice as required by section 5.062 of the Texas Property Code; and 2) the Webers denied the
Aguilars a right to cure by demanding payment in an amount in excess of the actual amount owed.
Jurisdiction
      Before addressing the merits of this appeal, this Court must determine its jurisdiction. 
Questioning subject matter jurisdiction raises fundamental error and may be addressed for the first
time on appeal. See Texas Ass’n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 445 (Tex.
1993). We must inquire into our own jurisdiction, even if it is necessary to do so sua sponte. See
Dallas County Appraisal Dist. v. Funds Recovery, Inc., 887 S.W.2d 465, 468 (Tex. App.—Dallas
1994, writ denied). Appellate court jurisdiction of the merits of a case extends no further than that
of the court from which the appeal is taken. See Nabejas v. Texas Dep’t of Pub. Safety, 972
S.W.2d 875, 876 (Tex. App.—Corpus Christi 1998, no pet.). If the trial court lacked jurisdiction,
an appellate court only has jurisdiction to set the judgment aside and dismiss the cause. See Dallas
County, 887 S.W.2d at 468. Thus, on our own motion, we address the issue of jurisdiction.
Appellate Jurisdiction of County Court
      Jurisdiction of forcible detainer actions is expressly given to the justice court of the precinct
where the property is located and, on appeal, to county courts for a trial de novo. See Tex. Prop.
Code Ann. § 24.004 (Vernon 2000); Goggins v. Leo, 849 S.W.2d 373, 375 (Tex. App.—Houston
[14th Dist.] 1993, no writ); Home Sav. Ass'n v. Ramirez, 600 S.W.2d 911, 913 (Tex. Civ.
App.—Corpus Christi 1980, writ ref'd n.r.e.). The outcome of this case depends on the extent
of the county court at law's appellate jurisdiction. The appellate jurisdiction of a statutory county
court is confined to the jurisdictional limits of the justice court, and the county court has no
jurisdiction over an appeal unless the justice court had jurisdiction. See Crumpton v. Stevens, 936
S.W.2d 473, 476 (Tex. App.—Fort Worth 1996, no writ); Goggins, 849 S.W.2d at 375. A justice
court is expressly denied jurisdiction to determine or adjudicate title to land. Tex. Gov’t Code
Ann. § 27.031(b) (Vernon Supp. 2001); see Ramirez, 600 S.W.2d at 913; Slay v. Fugitt, 302
S.W.2d 698, 701 (Tex. Civ. App.—Dallas 1957, writ ref'd n.r.e.). Thus, neither a justice court,
nor a county court on appeal, has jurisdiction to determine the issue of title to real property in a
forcible detainer suit. Tex. R. Civ. P. 746; See Mitchell v. Armstrong Capital Corp., 911 S.W.2d
169, 171 (Tex. App.—Houston [1st Dist.] 1995, writ denied).
Nature of Forcible Entry and Detainer
      The sole issue in a forcible detainer suit is who has the right to immediate possession of the
premises. See Rice v. Pinney, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.) (citations
omitted). To prevail in a forcible detainer action, a plaintiff is not required to prove title, but is
only required to show sufficient evidence of ownership to demonstrate a superior right to
immediate possession. Id. (citing Goggins, 849 S.W.2d at 377). Where the right to immediate
possession necessarily requires resolution of a title dispute, however, the justice court has no
jurisdiction to enter a judgment and may be enjoined from doing so. See Haith v. Drake, 596
S.W.2d 194, 196 (Tex. Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.); see also
Rodriguez v. Sullivan, 484 S.W.2d 592, 593 (Tex. Civ. App.—El Paso 1972, no writ) (justice
court judgment void when possession depended on whether defendant complied with contract for
deed); Am. Spiritualist Ass'n v. Ravkind, 313 S.W.2d 121, 124 (Tex. Civ. App.—Dallas 1958,
writ ref'd n.r.e.) (same). Because a forcible detainer action is not exclusive, but cumulative, of
any other remedy that a party may have in the courts of this state, forcible detainer actions in
justice court may be brought and prosecuted concurrently with suits to try title in district court. 
See Rice, 51 S.W.3d at 709 (citing Haith, 596 S.W.2d at 196).
Issue of Title and Resolving the Right to Immediate Possession
      If it becomes apparent that a genuine fact issue regarding title exists in a forcible detainer suit,
the court does not have jurisdiction over the matter. See Mitchell, 911 S.W.2d at 171 (citing
Haith, 596 S.W.2d at 197; Ravkind, 313 S.W.2d at 124). The threshold question is whether the
county court at law was required to determine an issue of title to resolve the right to immediate
possession. If the right to immediate possession depends upon title to the property under the terms
of the contract for deed, the county court at law lacks subject matter jurisdiction to issue the writ
of possession. See Rice, 51 S.W.3d at 712; Mitchell, 911 S.W.2d at 171; Rodriguez, 484 S.W.2d
at 593; Ravkind, 313 S.W.2d at 124.
Facts
      In April of 1998, the Webers (as sellers) and the Aguilars (as buyers) entered into a contract
for deed and promissory note (the “contract”). The contract provides for the purchase of
residential property at 2901 Lasker, McLennan County, Waco, Texas. The purchase price of
$52,000 required a down payment of $1,900. The parties agreed that if the Aguilars made timely
monthly payments for a period of three (3) to six (6) months, the Webers would execute a
warranty deed conveying the property to the Aguilars. The contract stated in the event of default
on payments due all monies previously paid would be forfeited by the Aguilars. Additionally, the
contract provided that the Aguilars were responsible for providing fire insurance on the property
and that the Aguilars pay for a pro-rata share of the 1998 taxes and all future taxes. The contract
does not specifically provide that default creates a landlord-tenant relationship or tenancy at
sufferance. Further, the contract does not provide that in the event of default the Webers can
institute a detainer suit to establish possession.
      The Aguilars lived on the property from April 1998 until the eviction proceeding of 2000. 
The Webers alleged that the Aguilars defaulted due to non-payment and the contract was
terminated on July 16, 2000. The Webers specifically contended that the Aguilars failed to make
timely payments, pay taxes, or provide insurance as required in the contract. The Webers initiated
the detainer suit, and the justice court issued judgment in their favor. The Aguilars appealed to
the county court at law. At that court, the Aguilars filed a counter-claim disputing the amount
allegedly owed under the contract. The Aguilars further argued that the Webers failed to execute
the warranty deed as required by the contract.


 The county court at law dismissed the Aguilars’
counter-claim without prejudice and issued judgment in favor of the Webers.
Applicable Law
      The courts have held that a forcible detainer action is dependant on proof of a landlord-tenant
relationship. See Haith, 596 S.W.2d at 196 (citing Dent v. Pines, 394 S.W.2d 266 (Tex. Civ.
App.—Houston 1965, no writ)); Ravkind, 313 S.W.2d at 124-25. One indication that a justice
court (and county court on appeal) is called on to adjudicate title to real estate in a forcible detainer
case–and, thus, exceed its jurisdiction–is when a landlord tenant relationship is lacking. See Rice,
51 S.W.3d at 712 n.4.
      Recently, the Dallas court in Rice provided a thorough and instructive summary of Texas
cases involving forcible detainer and whether the right to immediate possession depends upon an
inquiry into title. Id. at 709-13. One case discussed in Rice similar to our facts is Ravkind. In
Ravkind, the parties entered into a contract to purchase land. See Ravkind, 313 S.W.2d at 122. 
When the purchaser allegedly defaulted (as in the present case), the seller foreclosed pursuant to
the deed of trust and obtained a writ of possession. The court in Ravkind concluded that the writ
of possession was void for lack of jurisdiction because the forcible detainer suit “necessarily
involved a trial of the title to the land in controversy.” Id. at 124-25. In reaching this conclusion,
that court noted that a forcible detainer action requires a landlord-tenant relationship, and the facts
presented only established possession based upon the contract to purchase land. Id. Without a
landlord-tenant relationship, the justice court could not determine the issue of immediate
possession without necessarily determining the owner of the real estate pursuant to the contract
between the parties. On those facts, the court concluded that “constructive possession based on
the trustee's deed ... necessar[ily] involves an inquiry as to title.” Id. at 125.
      Another instructive case discussed in Rice is Mitchell v. Armstrong Capital Corp. In Mitchell,
the lien contract apparently permitted the note holder to sell the property at a foreclosure sale. See
Mitchell, 911 S.W.2d at 170-71. There is no indication, however, that the lien contract in
Mitchell created any type of landlord-tenant relationship or any other independent basis on which
the trial court could decide the immediate possession issue. Id. Similar to the facts of this case,
the issue of immediate possession in Mitchell depended solely upon title to the house under the
terms of the note and lien contract; and thus, neither the justice court nor the county court at law
on appeal had subject matter jurisdiction to issue the writ of possession. Id. at 171.
      In another similar case, the El Paso court concluded that a justice court’s judgment was void
for lack of jurisdiction because “it is apparent that the determination of the right of possession
issue in the justice court depended on who owned the real estate involved.” Rodriguez, 484
S.W.2d at 593.
      The actual circumstances in Rice differ from the present case, but provide a useful point of
comparison. The facts in Rice led that court to conclude that the county court at law was not
required to determine the issue of title in order to resolve the right to immediate possession, thus
affirming jurisdiction over the writ of possession. See Rice, 51 S.W.3d at 713. In Rice, the
county court at law had before it a March 1998 deed of trust wherein the Rices, as grantors,
conveyed the property to a trustee. The deed of trust stated that upon a sale pursuant to the deed
of trust, the Rices would become tenants at sufferance and subject to a forcible detainer action if
they refused to vacate the property after request. Id. at 711 (emphasis added). Also before the
court was a September 1999 substitute trustee's foreclosure sale deed and related documents
establishing the default on the note, a notice of eviction, the foreclosure pursuant to the deed of
trust, and the sale of the property to Pinney. The court concluded that based on the evidence, it
was not necessary for the county court at law to determine the issue of title to the property, nor
did it. Id. The county court merely determined Pinney was entitled to immediate possession. To
hold otherwise, that the filing of a concurrent suit in district court challenging the validity of the
substitute trustee deed precludes a forcible detainer suit in justice court, would ignore the
long-established legislative scheme of parallel resolution of immediate possession and title issues. 
Id.
      The courts in Ramirez and Haith, respectively, also rejected arguments that the county court
exceeded its jurisdiction in forcible detainer actions. In Ramirez, the deed actually provided that
the owners became tenants at sufferance following foreclosure and subjected the owners to a
forcible detainer action. See Ramirez, 600 S.W.2d at 912. Similarly, in Haith the contract for
sale provided for a landlord-tenant relationship if the buyer breached the contract. See Haith, 596
S.W.2d at 197. With the landlord-tenant relationship established under the contract, the fact that
it may be necessary to introduce evidence of title in order to prove the landlord-tenant relationship
did not deprive the county court of jurisdiction because the validity of the title was not an issue. 
Id.
Analysis
      We find that the justice court and county court at law lacked jurisdiction in this case. First,
we find specific evidence of a title dispute raised in the Aguilar’s counter-claim. See Mitchell, 911
S.W.2d at 169; see also Falcon v. Ensignia, 976 S.W.2d 336, 338 (Tex. App.—Corpus Christi
1998, no pet.). The counter-claim disputed the alleged default and challenged the right to
possession under the contract. The Aguilars asserted that non-payment was due to the Webers
failure to execute the warranty deed as required under the contract. Therefore, determining the
right of possession necessarily involved a title inquiry into the contract to purchase land, unless
the contract created a landlord-tenant relationship or other independent basis for determining
possession upon default.
      We agree that a forcible detainer action must be based on a landlord-tenant relationship. See
Rice, 51 S.W.3d at 712 (citations omitted). Here, the parties’ contract did not provide for a
landlord-tenant relationship in the event of default. See Mitchell, 911 S.W.2d at 169; Haith, 596
S.W.2d at 197. The contract also did not provide that the Aguilars would become tenants at
sufferance or subject to a forcible detainer action upon default. See Rice, 51 S.W.3d at 711. 
Because the justice court and county court at law would be required to determine the issue of title
to resolve the right to immediate possession, we conclude they lacked jurisdiction in this case. 
See Guyer v. Rose, 601 S.W.2d 205, 207 (Tex. Civ. App.—Dallas 1980, writ ref’d n.r.e.) (right
to possession depended on contract for sale); Rodriguez, 484 S.W.2d at 593 (justice court
judgment void when possession depended on construction of real estate “purchase-sale contract”);
Ravkind, 313 S.W.2d at 125 (no jurisdiction when right to possession depended on compliance
with “contract to purchase”).
      This Court notes that the Webers contend that the Aguilars defaulted and the contract was
terminated. However, because no landlord-tenant relationship was set forth in the contract, and
the Aguilars contested the default issue related to possession, the county court at law
impermissibly exceeded its jurisdiction by interpreting title under the contract in order to
determine possession. While the letters of eviction may have indicated that the Aguilars lost their
“right, title, interest, or claim” in the property, the contract does not set forth the same provisions. 
The letter of eviction is not evidence of the parties’ agreement. Thus, we do not find this case
involves merely a right to immediate possession. Rather, this case involves a right to possession
dependent on the contract for deed, and thus, the justice court and county court at law lack
jurisdiction.
      Having found the lower courts lack jurisdiction, we need not address the merits of this appeal.
      We dismiss this cause for want of jurisdiction, therefore dissolving any writ of possession
issued.

                                                                         REX D. DAVIS
                                                                         Chief Justice
Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Appeal dismissed for want of jurisdiction
Opinion delivered and filed March 6, 2002
Publish
[CV06]