NUMBER 13-03-422-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
                                                                                                                      

DEBORAH K. GILLESPIE TRESSIDER,                                    Appellant,

v.
 
A.G.A RHYME,                                                                            Appellee.
                                                                                                                                      

On appeal from the County Court at Law No. 5 
of Nueces County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Garza

          Deborah K. Gillespie Tressider appeals from a county court-at-law judgment
upholding a justice court order granting a forcible detainer action filed by appellee, A.G.A.
Rhyne. On appeal, Tressider argues that the justice court lacked jurisdiction over the
dispute and, therefore, both the order of the justice court and the judgment of the county
court-at-law should be vacated. Because we conclude that the justice court properly
exercised jurisdiction, we affirm the judgment of the county court-at-law.
          In 1993, Tressider and Rhyne entered into a contract for deed in which Rhyne
agreed to sell to Tressider five acres of land in Nueces County, Texas. Following
Tressider’s failure to pay several installments owed under the contract, Rhyne cancelled
the contract, sent Tressider a notice to vacate the premises, and then initiated a forcible
detainer action in the justice court. Rhyne’s complaint was granted by the justice court,
and Tressider was evicted from the property. 
          Tressider appealed to the county court-at-law, alleging breach of contract,
conversion, and wrongful forcible entry and detainer by Rhyne, and requesting possession
and title to the property. The county court-at-law awarded Rhyne possession of the
property and attorneys’ fees and dismissed all of Tressider’s claims. Tressider now
appeals to this Court on the question of jurisdiction. Specifically, she claims that because
she raised questions of title, the justice court and county court lacked subject matter
jurisdiction to hear the case. 
          A forcible detainer action is the procedure by which the right to immediate
possession of real property is determined. Rice v. Pinney, 51 S.W.3d 705, 709 (Tex.
App.–Dallas 2001, no pet.). It is intended to be a speedy, simple and inexpensive means
to obtain possession without resort to an action on the title. Id.; see Scott v. Hewitt, 90
S.W.2d 816, 818-19 (Tex. 1936). To maintain simplicity of this process, rule of civil
procedure 746 requires that “the only issue shall be as to the right to actual possession;
and the merits of the title shall not be adjudicated.” Tex. R. Civ. P. 746. Thus, the only
issue allowed in a forcible detainer action is which party has the right to immediate
possession of the premises in dispute. Ward v. Malone, 115 S.W.3d 267, 270 (Tex.
App.–Corpus Christi 2003, no pet.); Falcon v. Ensignia, 976 S.W.2d 336, 338 (Tex.
App.–Corpus Christi 1998, no pet.). To prevail in a forcible detainer action, a party is not
required to prove title, but is only required to show sufficient evidence of ownership to
demonstrate a superior right to immediate possession. Ward, 115 S.W.3d at 270.
          Jurisdiction of forcible detainer actions is expressly given to the justice court of the
precinct where the property is located and, on appeal, to county courts for a trial de novo. 
See Tex. Prop. Code Ann. § 24.004 (Vernon 2000); Aguilar v. Weber, 72 S.W.3d 729, 731
(Tex. App.–Waco 2002, no pet.). The appellate jurisdiction of a county court-at-law is
confined to the jurisdictional limits of the justice court, so that the county court has no
jurisdiction over an appeal unless the justice court had jurisdiction. Aguilar, 72 S.W.3d at
731. A justice court is expressly denied jurisdiction to determine or adjudicate title to land,
as is a county court-at-law on appeal of a forcible detainer action. See Tex. Gov’t Code
Ann. § 27.031(b)(4) (Vernon 2004); Aguilar, 72 S.W.3d at 732. Justice courts may,
however, adjudicate possession where issues related to the title of real property are
tangentially or collaterally related to possession. Falcon, 976 S.W.2d at 338. But if
underlying issues of title must be resolved in order to adjudicate issues of possession, the
justice and county courts are without jurisdiction to make any determinations regarding title. 
Id. 
          In a contract for purchase or a contract for deed, a forcible detainer action is
dependant on proof of a landlord-tenant relationship. Aguilar, 72 S.W.3d at 733; see
Ward, 115 S.W.3d at 271. In such cases, the justice court is not required to determine
questions of title when issuing a writ of forcible detainer so long as the contract in question
provides for: (1) a landlord-tenant relationship in the event of default; (2) the buyer
becomes a tenant-at-sufferance in the event of default; or (3) the buyer is subject to a
forcible detainer action upon default. See Ward, 115 S.W.3d at 271; Aguilar, 72 S.W.3d
at 734-35. This is because when the landlord-tenant relationship is established in the
original contract, that relationship provides a basis for determining the right to immediate
possession without having to resolve the ultimate issue of title to the property. Dormady
v. Dinero Land & Cattle Co., L.C., 61 S.W.3d 555, 559 (Tex. App.–San Antonio 2001, pet.
dism’d). 
          The contract for deed in the instant case includes the following provisions:
In the event Purchaser defaults in the payment of any installment for more
than ten days after same shall become due . . . . then, and in that event,
Seller expressly reserves the right, at his option, to declare this contract
cancelled, null and void . . . 
 
In the event this contract is cancelled by Seller . . . Purchaser shall become
a tenant at will of Seller, and it is agreed that, cumulative of any other
remedy he may have, Seller may file a suit for forcible detainer in the justice
court in the precinct and county in which the property is located for the
purpose of regaining possession of the subject property.
 
          We conclude that the contract for deed expressly provides for a landlord-tenant
relationship and forcible detainer action in the event of default. Both the justice court and
the county court-at-law could therefore properly hear Rhyne’s complaint for forcible
detainer without having to resolve issues of title. We accordingly overrule Tressider’s sole
issue on appeal.  
          The judgment of the county court-at-law is affirmed. 
                                            
 

                                                                                      _______________________
                                                                                      DORI CONTRERAS GARZA,
                                                                                      Justice
 
Memorandum Opinion delivered 
and filed this the 26th day of August, 2004.