Vacated and Dismissed and Memorandum Opinion filed August 23, 2005













Vacated and Dismissed and Memorandum Opinion filed
August 23, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00128-CV

____________

 

DONALD R. LAIRD, Appellant

 

V.

 

SAVANNAH BELLAIRE
HOME BUILDERS, INC., Appellee

 



 

On Appeal from the County
Court at Law No. 4

Harris County,
Texas

Trial Court Cause No. 805,120

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Donald Laird, appeals the trial
court=s judgment entered
in favor of appellee, Savannah Bellaire Home Builders, Inc. (ASavannah@), awarding it
possession of disputed property in its forcible detainer action.  Because we find both the justice court and
the county court at law lacked jurisdiction, we vacate their judgments and
dismiss the cause of action.








On May 1, 2003, Savannah acquired a
certain piece of property by a general warranty deed describing the property as
ALot Eleven (11),
in Block Thirty-six (36) and the adjoining North 2.5 feet of the abutting
alley, of SOUTHDALE ADDITION, . . . .@[1]  Laird owned the property behind the property
purchased by Savannah.  The properties are separated by a five-foot
wide alley abutting each property.  Savannah claims the it
owns one-halfCthe northern 2.5 foot portionCof the alley,
while Laird owns the other halfCthe southern 2.5
foot portion. 

          The dispute arose over Laird=s parking a
recreational vehicle (ARV@) on what Savannah claims is its
half of the alley.  Raul Nieves, a
partner in Savannah,
testified that he spoke to Laird in May 2003, about the location of the
RV.  According to Nieves, Laird said he
knew the RV was on Savannah=s property, but he
needed to make some repairs before he could move it.[2]  Nieves understood that Laird would move the RV
in a couple of weeks and that they had entered into an oral lease for Laird=s RV to remain on
its property until that time.  

A few weeks later, Laird had not moved the
RV, but it appeared that he was working on the RV and there was no indication
to Nieves that Laird would not move the RV. 
Nieves spoke to Laird again because the concrete for the foundation was
going be poured in a couple of weeks. 
According to Nieves, Laird repeated that he would try to finish
repairing his RV and would move it as soon as possible, but did not assert any
claim to ownership of the northern half of the alley.  When Laird still did not move the RV, Savannah made special
provisions to protect the RV when the concrete was poured.  








Savannah eventually retained
legal counsel, Julian Moss, who wrote to Laird on August 27, 2003, demanding
that Laird remove his RV from the northern half of the alley.  After receiving the letter, Laird called
Moss.  On September 5, 2003, Moss wrote
Laird again, stating, AThank you for you[r] telephone call
today.  Please let this letter confirm
your agreement to move your motor home from the north 2.5 feet of the alley,@ informing him
that Savannah would allow him two weeks in which to move his motor home, and requesting
that if Laird was not able to move his RV within two weeks, to let him
know.  Laird never responded to this
letter.  

Laird testified that he told Nieves that
when finished working on the RV he would move it, but he never told Nieves the
reason he was going to move the RV. 
Laird does not recall Nieves= telling him that
the RV was on Savannah=s property.  Laird also stated that although he called
Moss and told him that he was trying to repair the RV and move it out of the
way, he did not agree to the demand to move it within two weeks.  Laird testified that he never agreed to lease
the disputed portion of the alley.  

On October 10, 2003, Savannah
filed a forcible detainer action against Laird in the justice of the peace
court, which rendered judgment in favor of Savannah on November 10, 2003.  Laird appealed the justice court=s judgment to the
county court at law.  On January 12,
2004, after a bench trial, the county court entered judgment awarding immediate
possession of the northern 2.5 foot portion of the alley to Savannah. 


In his first issue, Laird claims the
county court erred by not dismissing the case for lack of jurisdiction.  The only question in a forcible detainer
action is who has right to immediate possession of the premises.  Tex. R.
Civ. P. 746; Aguilar v. Weber, 72 S.W.3d 729, 732 (Tex. App.CWaco 2002, no
pet.); Falcon v. Ensignia, 976 S.W.2d 336, 338 (Tex. App.CCorpus Christi
1998, no pet.).  The plaintiff need only
show sufficient evidence of ownership to demonstrate a superior right to
immediate possession in a forcible detainer action; it is not required to prove
title.  Dormady v. Dinero Land &
Cattle Co., L.C., 61 S.W.3d 555, 557 (Tex. App.CSan Antonio 2001,
pet. dism=d w.o.j.); Goggins. v. Leo, 849
S.W.2d 373, 377 (Tex. App.CHouston [14th
Dist.] 1993, no writ).  








The Texas Legislature has specifically
declined to give justice courts jurisdiction to adjudicate title to land.  Tex.
Gov=t Code Ann. ' 27.031(b) (Vernon 2004); Rice v.
Pinney, 51 S.W.3d 705, 708 (Tex.
App.CDallas 2001, no
pet.).  Instead, district courts have
sole jurisdiction to adjudicate title to real property.  Falcon, 976 S.W.2d at 338.  

Laird claims title to the northern half of
the alley by adverse possession.  When he
attempted to testify about the elements of his claim for adverse possession,
the trial court sustained Savannah=s objection,
explaining, AI understand that you=re claiming
through adverse possession, but we aren=t trying that
here. So you don=t have to establish all the elements
because I=m not going to make that decision.@  

Where the question of right to immediate
possession necessarily requires resolution of the question of title, the
justice court has no jurisdiction to determine possession.  Aguilar, 72 S.W.3d at 732; Rice,
51 S.W.3d at 709; see also Dormady, 61 S.W.3d at 557 (A[I]f the question
of title is so intertwined with the issue of possession, then possession may
not be adjudicated without first determining title.@).  Here, the questions of possession and title
are so intertwined that the justice court could not have decided Savannah=s claim to
possession without deciding Laird=s claim to title
by adverse possession.  See Gibson v.
Dynegy Midstream Servs., L.P., 138 S.W.3d 518, 524 (Tex. App.CFort Worth 2004,
no pet.) (affirming justice court=s and county court=s dismissal of
plaintiff=s forcible entry and detainer action where
issue of possession was so integrally linked to issue of title by adverse
possession raised by defendant that justice court could not decided question of
possession without deciding question of title by adverse possession); Gentry
v. Marburger, 596 S.W.2d 201, 203 (Tex. Civ. App.CHouston [1st
Dist.] 1980, writ ref=d n.r.e.) (holding justice court was
without jurisdiction to determine forcible detainer action where pleadings
raised title by adverse possession and title to premises was directly
involved).  Therefore, the justice court
was without jurisdiction to determine the issue of possession in the forcible
detainer action. 








Moreover, because the appellate
jurisdiction of the county court Ais confined to the
jurisdictional limits of the justice court,@ the county court
similarly had no jurisdiction to hear the appeal of the justice court=s judgment in the
forcible detainer action.  Aguilar,
72 S.W.3d at 731; Rice, 51 S.W.3d at 708; see also Dormady, 61
S.W.3d at 557 (A[N]either a justice court, nor a county
court on appeal, has jurisdiction to determine the issue of title to real
property in a forcible detainer suit.@).  

Accordingly, we vacate the judgments of
the county court at law and justice courts and dismiss this cause of action for
want of jurisdiction.[3]  

 

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed August 23, 2005.

Panel
consists of Justices Yates, Anderson, and Hudson.











[1]  Emphasis
added.  





[2]  On
cross-examination, Nieves also stated that Laird did not tell him that he was
going to move the RV because he thought Savannah
had title to the property.  





[3]  Having found the
lower courts lacked jurisdiction, it is not necessary for us to address Laird=s other issues.