

IN THE
TENENTH COURT OF APPEALS

No. 10-07-00296-CV

ROY MITCHELL,

Appellant

 v.

WELLS FARGO BANK,

Appellee

From the County Court at Law
Ellis County, Texas
Trial Court No. 07C3984

MEMORANDUM  OPINION

Mitchell appeals the county court at law's judgment in favor of Wells Fargo Bank in Mitchell's appeal to the county court at law of the justice court's judgment in Wells Fargo's action for forcible detainer.  We affirm.

We assume without deciding that Mitchell's issues are adequately briefed.  *See* TEX. R. APP. P. 38.1(h).

1.   In Mitchell's first issue, he contends that items of evidence of payments to Wells Fargo "were presented in the County Court at Law No. 1, and were not taken as facts."  (Br. at 9.)  We assume without deciding that the county court at law implicitly

sustained Wells Fargo's relevance objection to the evidence. *See* TEX. R. APP. P. 33.1(a); TEX. R. EVID. 403; TEX. R. CIV. P. 746. The appellate record does not contain an offer of proof of the excluded evidence. *See* TEX. R. APP. P. 33.1(a); TEX. R. EVID. 103(a)(2); *In re Canales,* 113 S.W.3d 56, 68 (Tex. Rev. Trib. 2003, pet. denied); *Wilson v. Estate of Williams,* 99 S.W.3d 640, 649-50 (Tex. App.—Waco 2003, no pet.). Mitchell waives his first issue.

2. In Mitchell's second issue, he complains that the "District Court in which Tresspass [sic] to try Title has been filed" did not "enjoin the County Court from attempting to adjudicate title." (Br. at 9.) Mitchell thus does not assign error to the county court at law. *See* TEX. R. APP. P. 33.1(a). We overrule Mitchell's second issue.

3. In Mitchell's third issue, he contends, "Appellant has the right to have his" wrongful-foreclosure "suit heard in District Court before a Forcible Detainer can be carried out, since the County Court has no Jurisdiction in such matters." (Br. at 10.) We assume without deciding that Mitchell presented his complaint in the county court at law. *See* TEX. R. APP. P. 33.1(a). As authority, Mitchell cites *Martinez v. Beasley* for the proposition, "Judgment in favor of the Vendor in Forcible Detainer action did not deprive District Court of Jurisdiction to hear and determine purchaser's suit to cancel Trustee's Deed to subject property." (Br. at 10 (purporting to quote *Martinez v. Beasley,* 572 S.W.2d 83 (Tex. Civ. App.—Corpus Christi 1978, no writ)). We agree that "[t]he forcible entry and detainer action is not exclusive, but cumulative, of any other remedy that a party may have in the courts of this state." *McGlothlin v. Kliebert,* 672 S.W.2d 231, 233 (Tex. 1984); *accord Holcombe v. Lorino,* 124 Tex. 446, 452, 79 S.W.2d 307, 309 (1935); *Aguilar v. Weber,* 72 S.W.3d 729, 732 (Tex. App.—Waco 2002, no pet.); *Hong Kong Dev.,*

*Inc. v. Nguyen*, 229 S.W.3d 415, 437 (Tex. App.—Houston [1st Dist.] 2007, no pet.).  But "forcible detainer actions in justice court may be brought and prosecuted concurrently with suits to try title in district court."  *Aguilar* at 732; *accord Hong Kong Dev.* at 437; *Hartzog v. Seeger Coal Co.,* 163 S.W. 1055, 1060 (Tex. Civ. App.—Dallas 1914, no writ).  This is so "even if the other action adjudicates matters that could result in a different determination of possession from that rendered in the forcible detainer suit."  *Hong Kong Dev.* at 437.  Mitchell cites no authority to the contrary.  *See* TEX. R. APP. P. 38.1(h).  The trial court would not have erred in overruling a motion to abate.  We overrule Mitchell's third issue.

CONCLUSION.  Having overruled Mitchell's issues, we affirm.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Vance, and
    Justice Reyna
Affirmed
Opinion delivered and filed September 3, 2008
[CV06]