IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00296-CV

 

Roy Mitchell,

                                                                                    Appellant

 v.

 

Wells Fargo Bank,

                                                                                    Appellee

 

 



From the County Court at Law

Ellis County, Texas

Trial Court No. 07C3984

 



MEMORANDUM  Opinion










 

        Mitchell appeals the county
court at law’s judgment in favor of Wells Fargo Bank in Mitchell’s appeal to
the county court at law of the justice court’s judgment in Wells Fargo’s action
for forcible detainer.  We affirm.

        We assume without deciding
that Mitchell’s issues are adequately briefed.  See Tex. R. App. P. 38.1(h).

        1.     In Mitchell’s first
issue, he contends that items of evidence of payments to Wells Fargo “were
presented in the County Court at Law No. 1, and were not taken as facts.”  (Br. at 9.)  We assume without deciding that the county court at law implicitly sustained
Wells Fargo’s relevance objection to the evidence.  See Tex. R. App. P. 33.1(a); Tex. R. Evid. 403; Tex. R. Civ. P. 746.  The appellate
record does not contain an offer of proof of the excluded evidence.  See Tex. R. App. P. 33.1(a); Tex. R. Evid. 103(a)(2); In re
Canales, 113 S.W.3d 56, 68 (Tex. Rev. Trib. 2003, pet. denied); Wilson
v. Estate of Williams, 99 S.W.3d 640, 649-50 (Tex. App.—Waco 2003, no
pet.).  Mitchell waives his first issue.

        2.     In Mitchell’s second
issue, he complains that the “District Court in which Tresspass [sic] to try
Title has been filed” did not “enjoin the County Court from attempting to
adjudicate title.”  (Br. at 9.)  Mitchell thus does not assign error to the
county court at law.  See Tex. R.
App. P. 33.1(a).  We overrule Mitchell’s second issue.

        3.     In Mitchell’s third
issue, he contends, “Appellant has the right to have his” wrongful-foreclosure
“suit heard in District Court before a Forcible Detainer can be carried out,
since the County Court has no Jurisdiction in such matters.”  (Br. at 10.)  We assume without deciding that Mitchell presented his complaint in the county
court at law.  See Tex. R. App.
P. 33.1(a).  As authority, Mitchell cites Martinez v. Beasley for
the proposition, “Judgment in favor of the Vendor in Forcible Detainer
action did not deprive District Court of Jurisdiction to hear and determine
purchaser’s suit to cancel Trustee’s Deed to subject property.”  (Br. at 10
(purporting to quote Martinez v. Beasley, 572 S.W.2d 83 (Tex. Civ.
App.—Corpus Christi 1978, no writ)).  We agree that “[t]he forcible entry and
detainer action is not exclusive, but cumulative, of any other remedy that a
party may have in the courts of this state.”  McGlothlin v. Kliebert, 672
S.W.2d 231, 233 (Tex. 1984); accord Holcombe v. Lorino, 124 Tex. 446, 452, 79 S.W.2d 307, 309 (1935); Aguilar v. Weber, 72 S.W.3d 729, 732 (Tex.
App.—Waco 2002, no pet.); Hong Kong Dev., Inc. v. Nguyen, 229 S.W.3d
415, 437 (Tex. App.—Houston [1st Dist.] 2007, no pet.).  But “forcible detainer
actions in justice court may be brought and prosecuted concurrently with suits
to try title in district court.”  Aguilar at 732; accord Hong Kong Dev. at 437; Hartzog v. Seeger Coal Co., 163 S.W. 1055, 1060 (Tex.
Civ. App.—Dallas 1914, no writ).  This is so “even if the other action
adjudicates matters that could result in a different determination of
possession from that rendered in the forcible detainer suit.”  Hong Kong Dev. at 437.  Mitchell cites no authority to the contrary.  See
Tex. R. App. P. 38.1(h).  The
trial court would not have erred in overruling a motion to abate.  We overrule
Mitchell’s third issue.

        Conclusion.  Having overruled
Mitchell’s issues, we affirm.

TOM GRAY

Chief Justice

Before Chief Justice Gray,

        Justice Vance, and

        Justice Reyna

Affirmed

Opinion delivered and filed September 3, 2008

[CV06]