

# IN THE
# TENHC OURTO FA PPEALS

———————

### No. 10-11-00264-CV

**EMMA L. TATES,**

                                        **Appellant**

 **v.**

**WALTER MORTGAGE COMPANY, LLC,**

                                        **Appellee**

———————

**From the County Court at Law No. 2**
**Brazos County, Texas**
**Trial Court No. 4932-B**

---

## MEMORANDUM  OPINION

---

Emma L. Tates appeals from a judgment of possession of a residence rendered against her and in favor of Walter Mortgage Company, LLC (WMC) on June 1, 2011. WMC presented a forcible entry and detainer action in the justice court against Tates for possession of a residence in which Tates resided.  The justice court rendered a judgment in favor of WMC and Tates appealed to the County Court at Law No. 2 in Brazos County.  The County Court at Law No. 2 also rendered judgment in favor of WMC. Tates appeals that judgment as well.  We affirm.

The sole issue in a forcible detainer suit is who has the right to immediate possession of the premises. TEX. R. CIV. P. 746; *Aguilar v. Weber*, 72 S.W.3d 729, 732 (Tex. App.—Waco 2002, no pet.); *see Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.) (citations omitted). To prevail in a forcible detainer action, a plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Aquilar*, 72 S.W.3d at 732; *Rice*, 51 S.W.3d at 709 (citing *Goggins v. Leo*, 849 S.W.2d 373, 377 (Tex. App.—Houston [14th Dist.] 1993, no writ). Where the right to immediate possession necessarily requires resolution of a title dispute, however, the justice court has no jurisdiction to enter a judgment and may be enjoined from doing so. *Aquilar*, 72 S.W.3d at 732. Because a forcible detainer action is not exclusive, but cumulative, of any other remedy that a party may have in the courts of this state, forcible detainer actions in justice court may be brought and prosecuted concurrently with suits to try title in district court. *Id.*; *see Rice*, 51 S.W.3d at 709 (citing *Haith v. Drake*, 596 S.W.2d 194, 196 (Tex. Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.).

Tates' sole issue is that the County Court at Law No. 2 erred in assuming jurisdiction where the question of title was so intertwined with the issue of possession that possession could not be adjudicated without first determining title. Tates alleged in her responsive pleading in the County Court at Law No. 2 that the property in question was co-owned by Tates and eight other people. She attached to her response a

list of those other people and a letter allegedly signed by one of those other people giving Tates permission to remain on the property. There is no record of any evidence being introduced by Tates at the hearing on the forcible entry and detainer. Thus, the trial court had no evidence before it that there was a question of title intertwined at all with the issue of possession. *See Laidlaw Waste Sys. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995) (generally, pleadings are not competent evidence.). Accordingly, Tates' sole issue is overruled.

The trial court's judgment is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed February 29, 2012
[CV06]