

NUMBER 13-14-00510-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

DONALD HENDRICKSON,                                                        Appellant,

v.

ACTION REALTY,                                                             Appellee.

On appeal from the 92nd District Court
of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza and Longoria**
**Memorandum Opinion by Justice Garza**

Appellant, Donald Hendrickson, appeals the district court's grant of a plea to the

jurisdiction filed by appellee, Action Realty ("Action"). We dismiss for want of jurisdiction.

## I. BACKGROUND

In 2011, Hendrickson entered into a contract for lease of residential premises in

McAllen, Texas. Upon Hendrickson's failure to pay rent, Action brought a forcible detainer

action in justice court. Hendrickson answered the suit, but the justice court rendered default judgment in favor of Action after Hendrickson failed to appear at a hearing on December 27, 2011. Hendrickson subsequently filed a motion for a new trial, arguing that he was not given notice of the December 27 hearing. The justice court denied the motion.

Hendrickson then filed suit in district court on January 13, 2012, arguing that the justice court's default judgment is void for lack of jurisdiction. Hendrickson's suit in the district court sought temporary and permanent injunctions against enforcement of the default judgment. Additionally, Hendrickson claimed the justice court violated his due process rights by failing to notify him of any hearing regarding the forcible detainer suit. Action answered and filed a plea to the jurisdiction arguing that "everything [Hendrickson] complains of . . . [was] exclusively within the jurisdiction of the Justice Court or the appellate jurisdiction of the county court."

Action's response to Hendrickson's original petition included a motion to dismiss for lack of jurisdiction. The district court took the motion under advisement during a hearing in February 2012. No further action was taken until a motion for dismissal for want of prosecution was filed in early 2014, at which point Action re-urged its motion for plea to the jurisdiction and the district court granted its plea. On appeal, Hendrickson argues the district court had equitable jurisdiction and alternatively, if his pleadings were insufficient, he should have been allowed to amend his pleading and that denial of the right to amend was a denial of due process.

## II. STANDARD OF REVIEW

A plea to the jurisdiction is a dilatory plea used to defeat a cause of action without regard to whether the claims asserted have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject matter jurisdiction. *Id.*; *see Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Whether a trial court has subject matter jurisdiction and whether the pleader has alleged facts that affirmatively demonstrate the trial court's subject matter jurisdiction are questions of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex. 2002).

The plaintiff has the initial burden to plead facts affirmatively showing that the trial court has jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). We construe the pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *See Miranda*, 133 S.W.3d at 226, 228. If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do, even when the evidence implicates the merits of the cause of action. *Id.* at 227; *Blue*, 34 S.W.3d at 555; *see City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009). A review of a plea to the jurisdiction challenging the existence of jurisdictional facts mirrors that of a traditional motion for summary judgment. *Miranda*, 133 S.W.3d at 228.

This Court has jurisdiction over the case, *see* TEX. GOV'T CODE ANN. § 22.220(a) (West, Westlaw through ch. 46, 2015 R.S.); however, if the district court lacked

3

jurisdiction, this Court only has jurisdiction to set the judgment aside and dismiss the case. *Aguilar v. Weber*, 72 S.W.3d 729, 731 (Tex. App.—Waco 2002, no pet.).

### III. ANALYSIS

Hendrickson argues by two issues that the district court erred by (1) granting Action's plea to the jurisdiction and (2) not giving him an opportunity to amend his pleadings.

### A. Plea to the Jurisdiction

Justice courts have exclusive jurisdiction over forcible detainer suits. TEX. PROP. CODE. ANN. § 24.004 (West, Westlaw through ch. 46, 2015 R.S.). County courts are courts of appellate jurisdiction regarding the suits arising out of the justice courts. *See* TEX. R. CIV. P. 510.9. However, neither a justice court nor a county court can adjudicate disputes regarding title; they may only determine the immediate right to possession. *See Rice v. Pinney*, 51 S.W.3d 705, 708–09 (Tex. App.—Dallas 2001, no pet.).

The parties do not dispute this case deals with the right to possession of the leased premises. However, Hendrickson claims there was no contractual landlord-tenant relationship between Hendrickson and Action. The lease states that the landlord is Stephanie Welch[1] and that "[w]ithin 30 days after Tenant has vacated the premises, returned keys, and provided landlord with a forwarding address, Landlord will return deposit in full. . . ." But Hendrickson does not dispute he was a tenant, that he subsequently requested his security deposit from Action, and that he turned in the keys to Action. Therefore, the record sufficiently establishes a landlord-tenant relationship between Hendrickson and Action.

---

[1] Welch, an attorney, represented Action in the underlying proceedings and on appeal.

4

Hendrickson only requests possession of the premises and makes no title claim that would remove the case from the exclusive jurisdiction of the justice or county courts. *See Ward v. Malone*, 115 S.W.3d 267 (Tex. App.—Corpus Christi 2003, pet. denied) (holding the justice court did not have jurisdiction over adjudication of title regarding the contract for deed); *Aguilar,* 72 S.W.3d at 735 (holding the justice court and county court lacked jurisdiction because there was no title dispute); *see also Cochran v. Fed. Nat'l Mortg. Ass'n*, No. 13-12-00448-CV, 2013 WL 4675870, at *1 (Tex. App.—Corpus Christi Aug. 1, 2013, pet. denied) (mem. op.) (holding the justice court had jurisdiction because contract provision provided that, upon default, tenant would become tenant at sufferance). We therefore find that the justice court had exclusive jurisdiction over the claims raised by Hendrickson.

## B.    Available Remedies at Law

In response to Action's plea to the jurisdiction, Hendrickson appeared to argue that the district court had jurisdiction because he was seeking equitable relief to protect his constitutional due process rights.  *See* TEX. GOV'T CODE ANN. § 24.008 (West, Westlaw through ch. 46, 2015 R.S.) ("The district court may hear and determine any cause that is cognizable by courts of law or equity and may grant any relief that could be granted by either courts of law or equity.").  But generally, a party has an adequate remedy at law from an improper eviction judgment and may not seek injunctive relief against the eviction suit from the district court.  *See McGlothin v. Kleibert*, 672 S.W.2d 231, 232 (Tex. 1984). Hendrickson argues the suit in the district court was to allow him the right to remain on the premises; yet an adverse party pursing an appeal to the county court is allowed to remain in possession of the premises pending the outcome of the appeal.  TEX. R. CIV. P.

5

510.9. Upon the county court's judgment, if a party disagrees with the judgment, the party is given an additional opportunity to request a writ of mandamus or writ of error. TEX. R. CIV. P. 510.8. Hendrickson neglected to avail himself of these procedures that could have properly provided the relief he sought. Further, a due process claim cannot be substantiated by a party's failure to utilize the processes in place nor can the process be deemed inadequate, depriving a court of jurisdiction, if the party did not avail himself of the available remedies. *See McGlothin*, 672 S.W.2d at 231. Hendrickson bypassed the county court appeals process and filed suit in the district court for equitable relief. Because the case does not deal with adjudication of title, jurisdiction properly lies with the justice court, or the county court on appeal.

## C. Pleading Affirmatively Negates Jurisdiction

If Hendrickson's petition cannot be amended to bring the case within the district court's jurisdiction, it will be deemed incurably defective and the case must be dismissed. *See Kelso v. Gonzales Healthcare Sys.* 136 S.W.3d 377, 383 (Tex. App.—Corpus Christi 2004, no pet.). Hendrickson's amended petitions and response consistently claimed a right to possession of the premises and damages resulting from the eviction suit—subject matter exclusively granted to the justice courts. *See* TEX. CONST. art. V, § 8; TEX. PROP. CODE. ANN. § 24.004; TEX. GOV'T CODE ANN. § 27.031 (West, Westlaw through ch. 46, 2015 R.S.). Because Hendrickson did not plead facts that indicate he was unable to appeal his case to the county court, Hendrickson's pleadings affirmatively negate jurisdiction.

6

## IV. Conclusion

Justice courts and county courts have jurisdiction over eviction suits, and these courts provide an adequate remedy at law. The district court therefore properly granted Action's plea to the jurisdiction, and we dismiss the appeal for want of jurisdiction. *See Aguilar*, 72 S.W. 3d at 731.

DORI CONTRERAS GARZA,
Justice

Delivered and filed the
18th day of June, 2015.