

# NUMBER 13-22-00609-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

TIANIKWA HAYWOOD,                                                **Appellant,**

**v.**

NO BULL INVESTMENTS, LLC,                            **Appellee.**

## On appeal from the County Court at Law No. 1
## of Ellis County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria**
**Memorandum Opinion by Justice Benavides**

In this eviction dispute, appellant Tianikwa Haywood, proceeding pro se, appeals from a final judgment granting appellee No Bull Investments, LLC (No Bull) immediate possession of certain real property occupied by Haywood. By eight overlapping issues, Haywood chiefly argues that the judgment is "void" because she "is the lawful owner of

the property," there is no contractual relationship between herself and No Bull, and she did not "give anyone authority to sell her land." Because there is no evidence of a landlord-tenant relationship between the parties, we conclude that the justice court lacked subject matter jurisdiction over this case. Consequently, we set aside the judgment as void and dismiss the case for want of jurisdiction.[1]

## I.   BACKGROUND

On or about September 14, 2018, Haywood purchased real property commonly known as 3222 Burgundy Lane, Midlothian, TX 76065. As part of that transaction, Haywood allegedly granted a deed of trust in favor of her mortgagee DHI Mortgage Company LTD. Several years later, after her loan was purportedly sold to Pennymac Loan Services, LLC, Haywood allegedly defaulted on her mortgage, and her new mortgagee instituted non-judicial foreclosure proceedings.[2] On September 6, 2022, No Bull purchased the subject property at a foreclosure sale with a winning bid of $323,000.

The following day, No Bull sent Haywood written notice to vacate the property within thirty days. The notice was sent by certified mail, return receipt requested, and regular mail. On October 7, 2022, No Bull filed a forcible detainer action against Haywood in the local justice court. Using a form petition provided by the justice court, No Bull selected "Other lease violations" as the grounds for the eviction, alleging that Haywood "breached the terms of the lease (other than by failing to pay rent) as follows: Home was

---

[1] This appeal was transferred to this Court from the Tenth Court of Appeals in Waco by order of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001. Accordingly, we "must decide the case in accordance with the precedent of the transferor court under principles of stare decisis if [our] decision otherwise would have been inconsistent with the precedent of the transferor court." TEX. R. APP. P. 41.3.

[2] We use words like "allegedly" and "purportedly" to describe the transactional history of the subject property because we are inferring these facts from the limited record before us.

purchased at foreclosure sale, occupant failed to vacate."

In response to the eviction suit, Haywood filed a plea to the jurisdiction, claiming she was entitled to possession of the property as its rightful owner. Haywood also filed a copy of a federal lawsuit she had filed against her original mortgagee and others alleging wrongful foreclosure, fraud, civil rights violations, and deceptive trade practices, among other claims.[3] The justice court did not rule on the plea to the jurisdiction.

A bench trial was held on October 24, 2022. No Bull offered copies of several documents to prove its entitlement to immediate possession: a Foreclosure Sale Deed identifying No Bull as the purchaser of the property; a Notice to Vacate from No Bull to Haywood demanding that she vacate the property within thirty days; and a printout of the United States Postal Service's tracking information showing an individual at the property accepted delivery of the notice on September 8, 2022. No Bull did not, however, produce a copy of the deed of trust purportedly executed by Haywood in favor of the original mortgagee. That same day, the justice court granted No Bull a judgment of possession, and Haywood perfected an appeal to the county court at law.

On November 18, 2022, Haywood filed a motion to stay the eviction suit in the county court and attached a copy of her federal complaint. The court did not rule on the motion, and a bench trial was conducted on November 30, 2022. No Bull moved to admit copies of the same documents it relied on in the justice court. Haywood said she had no objection to the documents, and the court admitted them into evidence.

Pamela Scott, one of No Bull's owners, testified that No Bull purchased the

---

[3] That case is currently pending in the United States District Court, Northern District of Texas, Dallas Division under cause number 3:22-cv-02174.

3

property at a foreclosure sale and then sent written notice to Haywood to vacate the premises. She further testified that Haywood had not paid rent to No Bull since the company purchased the property and that despite the notice to vacate, Haywood continued to occupy the property. On cross-examination, Scott acknowledged that there is no contractual relationship between No Bull and Haywood. On redirect examination, Scott confirmed that No Bull is not affiliated with Haywood's mortgage company.

Haywood called Paul Celestine as a witness.[4] Celestine testified that he had investigated the circumstances of the foreclosure and concluded that Haywood's mortgage company and others had committed fraud against Haywood. Celestine did not offer any details to support his conclusion. Celestine also explained that Haywood, with his assistance, had filed a lawsuit in federal district court against her mortgage company and others challenging the foreclosure. He asked that the eviction suit be stayed until the conclusion of that suit. Haywood also testified. Like Celestine, she confirmed that a federal lawsuit had been filed and asked the trial court to delay its ruling until that case concluded.

During closing arguments, No Bull pointed out that no court had issued a stay in the eviction suit and argued that Haywood's suit for wrongful foreclosure did not prevent No Bull from pursuing its right to immediate possession of the property. The county court entered a judgment of possession for No Bull, and this appeal ensued.

---

[4] Celestine attempted to represent Haywood at the hearing, and No Bull objected that Celestine could not appear in a representative capacity because he was not a party to the suit or a licensed attorney. Under questioning from the county court, Celestine acknowledged as much, and the county court sustained No Bull's objection. Consequently, Haywood represented herself at the hearing. Haywood has challenged the county court's ruling on appeal; however, given our disposition, we do not reach the merits of this issue.

4

## II.     JURISDICTION

A trial court's authority to adjudicate a matter "is never presumed and cannot be waived." *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993). "Appellate courts are duty-bound to examine issues of subject matter jurisdiction and may do so sua sponte." *Allison Publ'ns, LLC v. Doe*, 654 S.W.3d 210, 219 (Tex. App.—Fort Worth 2022, pet. denied). "Whether a court has subject matter jurisdiction is a question of law." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

An appellate court's jurisdiction is coextensive with the court from which the appeal is taken. *Ward v. Malone*, 115 S.W.3d 267, 269 (Tex. App.—Corpus Christi–Edinburg 2003, pet. denied). "If the trial court lacked jurisdiction, then the appellate court only has jurisdiction to set the judgment aside and dismiss the cause." *Id.* The plaintiff bears the burden of pleading facts that affirmatively demonstrate the trial court's subject matter jurisdiction. *Tex. Ass'n of Bus.*, 852 S.W.2d at 444. "When we review subject matter jurisdiction sua sponte, this Court construes the pleading party's allegations in his favor, and where necessary, we examine the entire record to ascertain whether there is any evidence establishing subject matter jurisdiction." *Ward*, 115 S.W.3d at 269.

Jurisdiction over a forcible detainer action is vested in the justice court of the precinct where the property is located and, on appeal, to county courts for a trial de novo. *See* TEX. PROP. CODE ANN. § 24.004(a). "The appellate jurisdiction of a statutory county court is confined to the jurisdictional limits of the justice court, and the county court has no jurisdiction over an appeal unless the justice court had jurisdiction." *Ward*, 115 S.W.3d at 269. A justice court is expressly prohibited from determining or adjudicating title to land.

5

TEX. GOV'T CODE ANN. § 27.031(b). "Thus, neither a justice court, nor a county court on appeal, has jurisdiction to determine the issues of title to real property in a forcible detainer suit." *Ward*, 115 S.W.3d at 269.

"When there are issues concerning both title and possession, the issues may be litigated in separate proceedings in different courts with appropriate jurisdiction." *Yarbrough v. Household Fin. Corp. III*, 455 S.W.3d 277, 280 (Tex. App.—Houston [14th Dist.] 2015, no pet.). Yet, "when a forcible detainer action presents a genuine issue of title so intertwined with the issue of possession that a trial court would be required to determine title before awarding possession, then a justice court lacks jurisdiction to resolve the matter." *Id.*

### III. APPLICABLE LAW

"The sole focus of a forcible-detainer action is the right to immediate possession of real property." *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 478 (Tex. 2017). To establish a superior right to immediate possession, No Bull had the burden to prove (1) No Bull owns the property, (2) Haywood is a tenant at sufferance, (3) No Bull gave proper notice to Haywood to vacate the premises, and (4) Haywood refused to vacate the premises. *See id.*

But "[w]ithout a landlord-tenant relationship, a justice court cannot determine the issue of immediate possession without first determining who has title to the property." *Goodman-Delaney v. Grantham*, 484 S.W.3d 171, 174 (Tex. App.—Houston [14th Dist.] 2015, no pet.). Stated differently, "[o]ne indication that a justice court (and county court on appeal) is called on to adjudicate title to real estate in a forcible detainer case—and,

thus, exceed its jurisdiction—is when a landlord tenant relationship is lacking." *Aguilar v. Weber*, 72 S.W.3d 729, 733 (Tex. App.—Waco 2002, no pet.).

## IV. ANALYSIS

Here, No Bull alleged that it could maintain the eviction action because the trustee purportedly conveyed title to No Bull through the Foreclosure Sale Deed and Haywood refused to vacate the property. *See Fin & Feather Club v. Leander*, 415 S.W.3d 548, 557 (Tex. App.—Texarkana 2013, pet. denied) ("[A] conveyance is effective and title is conveyed when an executed deed has been delivered to the grantee."). Haywood, though, has consistently maintained that the trustee had no authority to convey the property to No Bull because the foreclosure was wrongful for various reasons. *See Tanya L. McCabe Tr. v. Ranger Energy LLC*, 531 S.W.3d 783, 799 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) ("A trustee's power to sell property must be exercised in strict compliance with the deed of trust, and a 'foreclosure sale purchaser obtains only that title which the trustee has authority to convey.'" (quoting *Conversion Props., L.L.C. v. Kessler*, 994 S.W.2d 810, 813 (Tex. App.—Dallas 1999, pet. denied))); *see also Fin. Freedom Sr. Funding Corp. v. Horrocks*, 294 S.W.3d 749, 755 (Tex. App.—Houston [14th Dist.] 2009, no pet.) ("[A] deed of trust creates only a lien on property and does not constitute a conveyance of the property."). It remains to be seen whether her claims have merit, and we express no opinion on the matter.

Nevertheless, it was incumbent upon No Bull to demonstrate that the justice court could adjudicate immediate possession without wading into title issues. *See Yarbrough*, 455 S.W.3d at 280. In other words, to confine the subject matter of the case to only the

7

right of possession, No Bull needed to establish a landlord-tenant relationship between the parties. *See Goodman-Delaney*, 484 S.W.3d at 174; *Aguilar*, 72 S.W.3d at 733. When a forcible detainer suit is premised on a default under a deed of trust or contract for deed, the right to possession may be independently determined if the document speaks to possessory rights upon default, but in the absence of such language, the right to possession cannot be determined without passing on the issue of title. *See Reynoso v. Dibs US, Inc.*, 541 S.W.3d 331, 337 (Tex. App.—Houston [14th Dist.] 2017, no pet.) ("If the deed of trust contains a provision that in the event of a foreclosure sale, the grantor in the deed of trust will become a tenant at sufferance, then the trial court can resolve possession without resort to title."); *Aguilar*, 72 S.W.3d at 735 (concluding that the justice court did not have jurisdiction over forcible detainer suit because the contract for deed between the parties "did not provide for a landlord-tenant relationship in the event of default"); *Ward*, 115 S.W.3d at 271 (same); *cf. Leal v. ASAS, Ltd.*, No. 13-10-00629-CV, 2011 WL 3366363, at *3 (Tex. App.—Corpus Christi–Edinburg Aug. 4, 2011, no pet.) (mem. op.) (distinguishing *Aguilar* and finding the justice court did have jurisdiction because the contract for deed granted the seller the right "to take possession of the property" if the buyer defaulted).

Here, the evidence No Bull produced referred to a publicly available deed of trust, but the deed was never produced. Without it, the justice court was left to speculate about the contents of the deed and whether it created an independent right to possession upon Haywood's alleged default. *See Reynoso*, 541 S.W.3d at 337; *cf. Aguilar*, 72 S.W.3d at 735; *Ward*, 115 S.W.3d at 271. Because No Bull failed to demonstrate that Haywood

8

became a tenant at sufferance upon her alleged default, the justice court lacked jurisdiction to consider the case. *See Goodman-Delaney*, 484 S.W.3d at 174; *Aguilar*, 72 S.W.3d at 733.

## V. CONCLUSION

Without reaching the merits of the appeal, we set aside the judgment of possession and dismiss the case for want of jurisdiction.

GINA M. BENAVIDES
Justice

Delivered and filed on the
3rd day of August, 2023.

9