NUMBER
13-10-00629-CV

 

COURT
OF APPEALS

 

THIRTEENTH
DISTRICT OF TEXAS

 

                                  CORPUS
CHRISTI - EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



EDYA GERALDINE LEAL,                                             
               Appellant,

 

v.

 

ASAS, LTD.,                                                                                   
Appellee.

 

 



On
appeal from the County Court at Law No. 5

of
Hidalgo County, Texas.

 

 



MEMORANDUM
OPINION

 

Before
Chief Justice Valdez and Justices Rodriguez and Garza

Memorandum Opinion by
Chief Justice Valdez

By four issues, appellant,
Edya Geraldine Leal, challenges a judgment entered by the county court at law,
granting a forcible detainer to appellee, ASAS, Ltd.  For the reasons set forth
below, we affirm the judgment in part and reverse and render in part.  See
Tex. R. App. P. 43.2(a), (c). 

 

I. Background

This case arises from a
transaction involving the sale of certain real property.  Appellant and appellee
are parties to an “Agreement for Sale of Real Estate.”  Under the terms of the
contract, appellant agreed to purchase the property from appellee for a total
purchase price of $725,000 to be paid according to the following schedule:  (1)
one initial payment of $20,000; (2) a second payment of $60,000; (3) twelve monthly
payments of $3,500; and (4) one final payment of $603,000 to be paid after twelve
months.  Appellant did not remit the final payment because of disputes that
arose between the parties concerning appellee’s performance under the
contract.     

On May 4, 2010, appellee filed
its original petition for forcible detainer in the Justice Court, Precinct 4,
Place 2, Hidalgo County, Texas.  A trial was held on June 17, 2010.  On June
21, 2010, the justice court denied appellee’s prayer for relief.  Appellee
appealed to County Court at Law Number 5, Hidalgo County, Texas. The county court
at law held a trial de novo on September 14, 2010.  On October 7, 2010, the
county court entered an order granting appellee’s forcible detainer.  In its
order, the county court found that title to the property was never at issue and
concluded as a matter of law that appellant became a tenant at sufferance on
April 1, 2010.  The county court rendered a judgment for unpaid rent in the
amount of $17,500.  The county court also awarded appellee reasonable
attorney’s fees in the amount of $5,000.

Subsequently, on November 7,
2010, the parties entered into a Rule 11 agreement.  See Tex. R. Civ. P. 11.  The terms of the
agreement provided as follows:  (1) appellant would relinquish possession of
the premises immediately; (2) appellee would forego seeking a writ of
possession; (3) appellant would appeal only those portions of the final order
constituting judgment for attorney’s fees, rents, court costs, and all other
monetary damages granted therein; and (4) appellant would appeal provisions of
the order granting appellee possession of the premises. 

On November 24, 2010, the
county court at law denied appellant’s motion for a new trial.  This appeal
ensued.    

II. Issues
Presented

Appellant raises four issues
on appeal:  (1) the justice court lacked jurisdiction over the case, and the
county court lacked jurisdiction to conduct a trial de novo on appeal from the
justice court, because the case involves issues of title and because the
contract did not provide for creation of a landlord-tenant relationship under
the circumstances of the case; (2) assuming a tenancy was created, the county
court miscalculated the amount of rent owed to appellee; (3) the county court
erred in rendering judgment for unpaid rent because appellant in fact remitted
to appellee more than the amount of rent due for the relevant period; and (4)
the county court erred in awarding attorney’s fees and costs because (a) the county
court lacked authority to make any award of costs or fees, (b) appellee failed
to provide the necessary notice, and (c) no expert testimony was presented as
to the necessity of the attorney’s fees awarded.  

III. Analysis

A.   Subject
Matter Jurisdiction

In her first issue, appellant
challenges the jurisdiction of the justice court over the subject matter of
this case and, by extension, the jurisdiction of the county court over the appeal
from the ruling of the justice court.  See Hong Kong Dev., Inc. v. Nguyen,
229 S.W.3d 415, 433 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (“On Appeal
in a forcible-detainer suit, the county court exercises appellate, not original
jurisdiction, . . . and the county court has no jurisdiction over a
forcible-detainer appeal unless the justice court did.”).  Appellant contends
that the underlying proceeding was not a valid action for forcible detainer and
therefore could not be tried in the justice court because the case involves
issues of title and because the contract at issue did not provide for the creation
of a landlord-tenant relationship under the circumstances of the case.  See
Aguilar v. Weber, 72 S.W.3d 729, 735 (Tex. App.—Waco 2002, no pet.)
(stating that “a forcible detainer action must be based on a landlord-tenant
relationship”).  

In support of these
contentions, appellant relies on the contract between the parties, arguing that
it contains neither specific language creating a tenancy at sufferance in the
event of a default nor a right for appellee to demand possession of the
property upon default.  For these reasons, appellant argues that the justice
court lacked jurisdiction to try the underlying cause as an action for forcible
detainer and that the county court erred in exercising jurisdiction over the
appeal from the ruling of the justice court.  See Dormady v. Dinero Land
& Cattle Co., L.C., 61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001,
pet. dism’d w.o.j.) (“If the question of title is so intertwined with the issue
of possession, then possession may not be adjudicated without first determining
title. . . .  In such a case . . . neither the justice court, nor the county
court on appeal, has jurisdiction.”).

Jurisdiction is a question
of law, which we review de novo. See Tex. Dept. of Parks & Wildlife v.
Miranda, 133 S.W.3d 217, 226 (Tex. 2004); El Paso Nat. Gas Co. v. Minco
Oil & Gas, Inc., 8 S.W.3d 309, 312 (Tex. 1999).  Jurisdiction of
forcible detainer actions is expressly given to the justice court of the
precinct where the property is located and, on appeal, to county courts for a
trial de novo.  See Tex. Prop.
Code Ann. § 24.004 (West 2010); Weber, 72 S.W.3d at 731.  

The appellate jurisdiction
of a statutory county court is confined to the jurisdictional limits of the
justice court, and the county court has no jurisdiction over an appeal unless
the justice court had jurisdiction.  See Weber, 72 S.W.3d at 731;
Crumpton v. Stevens, 936 S.W.2d 473, 476 (Tex. App.—Fort Worth 1996, no
writ).  A justice court is expressly denied jurisdiction to determine or
adjudicate title to land.  See Tex.
Gov’t Code Ann. § 27.031(b) (West 2010); Weber, 72 S.W.3d at
732.  Thus, neither a justice court, nor a county court on appeal, has
jurisdiction to determine the issue of title to real property in a forcible
detainer suit.  See Weber, 72 S.W.3d at 732 (citing Tex. R. Civ. P. 746). 

We disagree with the arguments
made by appellant in her first issue for two reasons.  First, although appellant
contends that title was at issue, there is nothing in the record to support
that contention.  In fact, the record is to the contrary.  The lower courts did
not resolve any disputes concerning title to the property.  In a finding of
fact that appellant has not challenged on appeal, the county court at law
found, “At all times [appellee] was the owner of the property and [appellant]
did not raise any issues as to title.”  The finding is consistent with the
terms of the contract, under which appellant’s rights upon default are limited
to seeking to refinance the transaction.  Specifically, the contract provides,
“After 12 months, if buyer cannot close on the property the seller may consider
refinancing the house with another down payment and an additional $50,000 to
the original sales price for one more year paid in advance.”  In light of the
foregoing, there is no basis to conclude that the lower courts adjudicated
issues of title and thereby exceeded their jurisdiction.  

Second, we disagree with appellant’s
contention that appellee has no contractual right to take possession of the
property upon default.  In relevant part, the contract provides, “If buyer
defaults from non-payment seller has the right after 60 days, to take
possession of the property and all monies collected from the buyer up to date
become non-refundable.”  This language creates a clear right allowing appellee
“to take possession of the property.”  

Moreover, the language of
the contract distinguishes the instant case from the situation presented to the
Waco Court of Appeals in Weber, the primary authority on which appellant
relies.  See Weber, 72 S.W.3d at 732.  Weber involved a similar
set of facts.  As in this case, there was a breach of a contract for the sale
of real property, which became the subject of a suit for forcible detainer in
justice court, followed by an appeal to a county court at law.  See id.
at 731.  Following the entry of a final judgment in the county court, the case
was appealed to the Waco Court of Appeals, which held that the lower courts
lacked jurisdiction.  See id. at 735.  Appellant argues that the same
result should be reached in this case.  We disagree.   

In Weber, the court explained
that “determining the right of possession necessarily involved a title inquiry
into the contract to purchase land, unless the contract created a
landlord-tenant relationship or other independent basis for determining possession
upon default.”  Id. at 734-35. In holding that the lower courts lacked
jurisdiction, the court specifically relied on the fact that “the contract does
not provide that in the event of default the Webers can institute a detainer
suit to establish possession.”  Id. at 732.  In contrast, the contract
in this case gives Appellee the right “to take possession of the property” upon
default, a right which is properly asserted through an action for forcible
detainer.  See Yarto v. Gilliland, 287 S.W.3d 83, 89 (Tex. App.—Corpus
Christi 2009, no pet.) (“To prevail in a forcible detainer action, a plaintiff
is not required to prove title, and is required only to show sufficient
evidence of ownership to demonstrate a superior right to immediate possession.”);
see also Ward v. Malone, 115 S.W.3d 267, 270 (Tex. App.—Corpus Christi
2003, pet. denied) (“The forcible detainer action is the procedure by which the
right to immediate possession of the premises is determined.”).  This is
precisely “the other independent basis for determining possession upon default”
which the court found to be absent in Weber.  See Weber, 72 S.W.3d
at 734.  The inclusion of the language in the parties’ contract in this case
leads to a different result than the conclusion reached by the court in Weber. 


Appellant argues further that
the provision should not be given force or effect.  Appellant points out that the
language is found in the paragraph containing her obligation to make monthly
payments in the amount of $3,500 and not in the paragraph containing her
obligation to make a lump sum payment of $603,000.  Under appellant’s
interpretation, appellee’s right to take possession of the property is limited solely
to defaults involving monthly payments and does not include default on the
final payment of $603,000.  We disagree.

Although the location of the
contract provision is relevant, this factor alone is insufficient to outweigh
the plain meaning of the contract’s language.  See Piper, Stiles & Ladd
v. Fid. & Deposit Co., 435 S.W.2d 934, 939 (Tex. App.—Houston [1st
Dist.] 1968, writ ref’d n.r.e.) (“Rules of construction as applied to contracts
are for the purpose of enabling the court to ascertain from the language used
the manner and extent to which the parties intended to be bound.  It is the
duty of the court to look to the entire instrument so that the effect or
meaning of one part on any other part may be determined.”).  Appellant’s
reading of the contract leads to an incongruous result that cannot be
reconciled with the contract as a whole.  Under appellant’s interpretation of
the contract, appellee is entitled to take possession of the property in the
event appellant fails to make one or more of the twelve monthly payments, but
not entitled to take possession in the event of default involving the final
payment in the amount of $603,000.  This is inconsistent with the contract as a
whole.

Furthermore, appellant’s
interpretation is inconsistent with the plain meaning of the language in the
contract.  Appellee’s right to take possession is triggered if appellant “defaults
from non-payment.”  The default provision is not limited to “non-payment”
involving the monthly installments of $3,500, but is open-ended and unqualified. 
Therefore, it includes any “non-payment” under the contract.  Thus, based on
the plain meaning of the contract language, appellant’s failure to make the
lump sum payment of $603,000 is a “non-payment” event sufficient to trigger the
default provision relied upon by appellee.  See DeWitt Cty. Elec. Coop. v.
Parks, 1 S.W.3d 96, 101 (Tex. 1999) (“The language in an agreement is to be
given its plain grammatical meaning unless to do so would defeat the parties
intent.”).  Moreover, once the default provision is triggered, appellant
forfeits “all monies collected,” including all monthly payments as well as the
two initial payments totaling $80,000.  This further supports the conclusion
that the default provision is triggered not solely by non-payment of the
monthly installments but by any non-payment of monies due under the contract. This
interpretation gives effect to all provisions of the contract and is consistent
with the findings of fact and conclusions of law entered by the county court.  

Accordingly, for the reasons
set forth above, we conclude that the lower courts had jurisdiction over the
case and overrule appellant’s first issue.  

B.   Calculation
of Rent Owed

In her second issue, appellant
argues that the county court miscalculated the amount of rent owed to appellee. 
Specifically, appellant contends that the county court erred by including “two
months’ rent to which appellee would in no event be entitled.”  Because appellant
contends that there is no evidence to support the award, we construe this as a
challenge to the legal sufficiency of the evidence to support the award of
damages.  See Tex. R. App. P.
33.1(d) (“In a nonjury case, a complaint regarding the legal or factual
sufficiency of the evidence . . . include[s] a complaint that the damages found
by the court are excessive or inadequate”).  

We sustain a no-evidence
complaint if the record shows one of the following:  (1) there is no evidence
supporting the challenged element; (2) the evidence offered to prove the
challenged element is no more than a scintilla; (3) the evidence establishes
the opposite of the challenged element; or (4) the court is barred by law or
the rules of evidence from considering the only evidence offered to prove the
challenged element.  See City of Keller v. Wilson, 168 S.W.3d 802, 810
(Tex. 2005). 

The evidence offered at
trial establishes that appellant retained possession of the property after
April 1, 2010, when she failed to make the final payment of $603,000. 
Appellant’s possession of the property continued until September 14, 2010, for
a total of approximately five months and two weeks.  In its findings of fact,
the county court noted that appellee “put on evidence that [appellant] owed
$3,500 per month for remaining in possession of the property after [appellant]
defaulted under the Agreement for Purchase of Real Estate” and that appellant “did
not offer evidence indicating that $3,500 was not correct or was an
unreasonable amount per month for remaining in possession after April 1,
2010.”  The court concluded that “[a] reasonable amount of rent for the period
of sufferance is $17,500.”  Based on the foregoing, it appears that the county
court accepted the monthly rate of $3,500 and calculated the amount due based
on five months, rather than five months and two weeks.  Appellant contends that
the court should have calculated the amount due based on three months.  Appellant
argues that she did not become a tenant at sufferance until 60 days after April
1, 2010, when she defaulted on the final payment of $603,000.  We disagree.

The evidence adduced at
trial supports the conclusion of the county court that appellant became a
tenant at sufferance after April 1, 2010.  At that time, appellant remained in
possession of the premises, even though she had breached the contract by
failing to make the final payment of $603,000.  There is no evidence in the
record to indicate that appellant sought appellee’s agreement to refinance the
transaction, as the contract provides.  More importantly, there is no evidence
that the parties agreed to allow appellant to continue possessing the premises
without paying rent.  In the absence of a new agreement, appellant was in a
situation similar to a tenant who remains in possession of the premises after
termination of a lease.  See Bockelmann v. Marynick, 788 S.W.2d 569, 571
(Tex. 1990).  Under such circumstances, the tenant occupies the premises
“wrongfully and is said to have a tenancy at sufferance,” which is exactly what
the county court ruled in this case.  Id.  Accordingly, we find the
evidence legally sufficient to support the trial court’s award and overrule appellant’s
second issue.

C.   Reasonable
Rental Value of Premises

In her third issue, appellant
argues that the trial court erred in rendering judgment for unpaid rent because
appellant in fact remitted to appellee more than the amount of rent due for the
relevant period.  We find this issue to be largely duplicative of the arguments
raised in appellant’s second issue.  As set forth above, the evidence is
legally sufficient to support the trial court’s award.  Appellant has merely
added an argument that the payments she made pursuant to the contract prior to
her breach should be deemed sufficient rent for the period when she was a
tenant at sufferance.  “Appellant concedes . . . that appellee was entitled to
payment for the reasonable rental value of the premises during the period of
possession . . . .  Appellant further stipulates that the premises at issue had
a reasonable monthly rental value of $3,500.”  In exchange for these
concessions, appellant asks this Court to consider that she remitted to appellee
$122,000 during the parties’ course of dealing, whereas the rental value of the
premises for the time period was only $67,308.31.  Based on these calculations,
appellant argues that the county court erred in awarding the rental value of
the premises during the period of possession.  We disagree.

Courts cannot make new
contracts for the parties, nor can they revise a contract, while professing to
construe it, so as to impose upon one party an obligation not assumed by him
under the plain language of the contract.  See Piper, Stiles & Ladd,
435 S.W.2d at 939.  Under the plain language of the contract in this case, the
parties agreed that in the event of default all payments made by appellant
would be non-refundable.  Appellant argues that the county court should have credited
the non-refundable amounts she paid under the contract toward the rental value
of the premises for the period of time that she possessed the property without
a contractual right to do so.  This would have been improper because it is
tantamount to revising the existing contract and would have thereby imposed new
obligations on appellee.  The county court did not err by construing the
contract as written and enforcing it according to the plain meaning of its
language.  We therefore overrule appellant’s third issue. 

D.   Attorney’s
Fees and Costs

In her fourth issue, appellant
argues that the county court at law erred in awarding attorney’s fees and court
costs to appellee.  Appellant makes three arguments in support of this issue. 
As set forth below, we disagree with the first argument, agree with the second,
and do not reach the merits of the third. 

First, appellant contends
that the county court at law erred in awarding attorney’s fees and costs because
this matter was not properly before the lower courts as an action for forcible
detainer.  In support of this contention, appellant incorporates the arguments
raised in her first issue, which we have overruled for the reasons set forth
above.  We have already concluded that the lower courts properly exercised
jurisdiction over this matter as an action for forcible detainer.  Therefore, this
argument presents the Court with no additional matters to address.

Second, appellant contends
that appellee failed to meet the requirements of the statutory notice
provisions of section 24.006 of the property code, which states in relevant
part: 

“[T]o be eligible to recover attorney’s
fees in an eviction suit, a landlord must give a tenant who is unlawfully
retaining possession of the landlord’s premises a written demand to vacate the
premises. The demand must state that if the tenant does not vacate the premises
before the 11th day after the date of receipt of the notice and if the landlord
files suit, the landlord may recover attorney’s fees. The demand must be sent
by registered mail or by certified mail, return receipt requested, at least 10
days before the date the suit is filed.” 

Tex. Prop. Code Ann. § 24.006(a) (West 2010).  Rule 752
of the Texas Rules of Civil Procedure, which governs the award of damages in
suits for forcible entry and detainer, authorizes an award of attorney’s fees
only if there has been compliance with section 24.006: 

“Damages may include
but are not limited to loss of rentals during the pendency of the appeal and
reasonable attorney fees in the justice and country courts provided, as to
attorney fees, that the requirements of Section 24.006 of the Texas Property
Code have been met.”

 

Tex. R. Civ. P.
752.

Appellee concedes that its
demand letter failed to include the required notice concerning the recovery of
attorney’s fees, but argues that because appellant did not raise the issue
before the county court, she is barred from raising the issue for the first
time on appeal.  We disagree. 

The issue raised by appellant
is in the nature of a challenge to the sufficiency of the evidence supporting
the award of attorney’s fees.  See French v. Moore, 169 S.W.3d 1, 17-18
(Tex. App.—Houston [1st Dist.] 2004, no pet.) (holding attorney’s fees were not
recoverable in action for forcible detainer because evidence was not legally
sufficient to prove landlord’s compliance with mandatory notice requirements of
section 24.006 of the Texas Property Code).  In a nonjury case, such as this,
no objection in the trial court is necessary to appeal based on the legal or
factual sufficiency of the evidence.  See Tex. R. App. P. 33.1(d); SAVA Gumarska v. Advanced Polymer
Sci., Inc., 128 S.W.3d 304, 317 (Tex. App.—Dallas 2004, no pet.).   

In order to award attorney’s
fees, the county court was required to find either that appellee complied with
the property code’s mandatory notice requirements or that a written lease
entitled appellee to recover attorney’s fees.  See Tex. Prop. Code § 24.006(a)-(b).  The
court did not make either of those findings.  Nor was there any evidence to
support such findings.  Appellee did not satisfy the mandatory notice
requirements of the statute, and the parties’ contract does not entitle
appellee to recover attorney’s fees.  

Accordingly, we conclude there
was no basis for the county court at law to award attorney’s fees.  See Tex. R. Civ. P. 752 (authorizing award
of attorney’s fees provided “that the requirements of Section 24.006 of the
Texas Property Code have been met”). We therefore sustain appellant’s challenge
to the sufficiency of the evidence to support the award.  Having concluded that
appellee was not entitled to recover attorney’s fees, we need not reach the
merits of appellant’s third argument concerning the sufficiency of the evidence
to support the amount of the award.   See Tex. R. App. P. 47.1.

IV. Conclusion

We reverse the portion of
the judgment of the county court at law awarding attorney’s fees to appellee in
the amount of $5,000 and render a take nothing judgment on the claim for
attorney’s fees.  See Tex. R.
App. P. 43.2(c).  We affirm the remainder of the judgment.  See Tex. R. App. P. 43.2(a).  

                                                                                    ____________________

Rogelio Valdez

                                                                                                Chief
Justice

 

Delivered and filed the 

4th day of August, 2011.