

**NUMBER 13-10-00629-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

**EDYA GERALDINE LEAL,**                                          **Appellant,**

**v.**

**ASAS, LTD.,**                                                            **Appellee.**

**On appeal from the County Court at Law No. 5
of Hidalgo County, Texas.**

**MEMORANDUM OPINION**

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Chief Justice Valdez**

By four issues, appellant, Edya Geraldine Leal, challenges a judgment entered by the county court at law, granting a forcible detainer to appellee, ASAS, Ltd. For the reasons set forth below, we affirm the judgment in part and reverse and render in part. *See* TEX. R. APP. P. 43.2(a), (c).

# I. Background

This case arises from a transaction involving the sale of certain real property. Appellant and appellee are parties to an "Agreement for Sale of Real Estate." Under the terms of the contract, appellant agreed to purchase the property from appellee for a total purchase price of $725,000 to be paid according to the following schedule: (1) one initial payment of $20,000; (2) a second payment of $60,000; (3) twelve monthly payments of $3,500; and (4) one final payment of $603,000 to be paid after twelve months. Appellant did not remit the final payment because of disputes that arose between the parties concerning appellee's performance under the contract.

On May 4, 2010, appellee filed its original petition for forcible detainer in the Justice Court, Precinct 4, Place 2, Hidalgo County, Texas. A trial was held on June 17, 2010. On June 21, 2010, the justice court denied appellee's prayer for relief. Appellee appealed to County Court at Law Number 5, Hidalgo County, Texas. The county court at law held a trial de novo on September 14, 2010. On October 7, 2010, the county court entered an order granting appellee's forcible detainer. In its order, the county court found that title to the property was never at issue and concluded as a matter of law that appellant became a tenant at sufferance on April 1, 2010. The county court rendered a judgment for unpaid rent in the amount of $17,500. The county court also awarded appellee reasonable attorney's fees in the amount of $5,000.

Subsequently, on November 7, 2010, the parties entered into a Rule 11 agreement. *See* TEX. R. CIV. P. 11. The terms of the agreement provided as follows: (1) appellant would relinquish possession of the premises immediately; (2) appellee would forego seeking a writ of possession; (3) appellant would appeal only those portions of the final order constituting judgment for attorney's fees, rents, court costs,

2

and all other monetary damages granted therein; and (4) appellant would appeal provisions of the order granting appellee possession of the premises.

On November 24, 2010, the county court at law denied appellant's motion for a new trial. This appeal ensued.

## II. Issues Presented

Appellant raises four issues on appeal: (1) the justice court lacked jurisdiction over the case, and the county court lacked jurisdiction to conduct a trial de novo on appeal from the justice court, because the case involves issues of title and because the contract did not provide for creation of a landlord-tenant relationship under the circumstances of the case; (2) assuming a tenancy was created, the county court miscalculated the amount of rent owed to appellee; (3) the county court erred in rendering judgment for unpaid rent because appellant in fact remitted to appellee more than the amount of rent due for the relevant period; and (4) the county court erred in awarding attorney's fees and costs because (a) the county court lacked authority to make any award of costs or fees, (b) appellee failed to provide the necessary notice, and (c) no expert testimony was presented as to the necessity of the attorney's fees awarded.

## III. Analysis

### A. Subject Matter Jurisdiction

In her first issue, appellant challenges the jurisdiction of the justice court over the subject matter of this case and, by extension, the jurisdiction of the county court over the appeal from the ruling of the justice court. *See Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 433 (Tex. App.—Houston [1st Dist.] 2007, no pet.) ("On Appeal in a forcible-detainer suit, the county court exercises appellate, not original jurisdiction, . . .

3

and the county court has no jurisdiction over a forcible-detainer appeal unless the justice court did."). Appellant contends that the underlying proceeding was not a valid action for forcible detainer and therefore could not be tried in the justice court because the case involves issues of title and because the contract at issue did not provide for the creation of a landlord-tenant relationship under the circumstances of the case. *See Aguilar v. Weber*, 72 S.W.3d 729, 735 (Tex. App.—Waco 2002, no pet.) (stating that "a forcible detainer action must be based on a landlord-tenant relationship").

In support of these contentions, appellant relies on the contract between the parties, arguing that it contains neither specific language creating a tenancy at sufferance in the event of a default nor a right for appellee to demand possession of the property upon default. For these reasons, appellant argues that the justice court lacked jurisdiction to try the underlying cause as an action for forcible detainer and that the county court erred in exercising jurisdiction over the appeal from the ruling of the justice court. *See Dormady v. Dinero Land & Cattle Co., L.C.*, 61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.) ("If the question of title is so intertwined with the issue of possession, then possession may not be adjudicated without first determining title. . . . In such a case . . . neither the justice court, nor the county court on appeal, has jurisdiction.").

Jurisdiction is a question of law, which we review de novo. *See Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)*; El Paso Nat. Gas Co. v. Minco Oil & Gas, Inc.*, 8 S.W.3d 309, 312 (Tex. 1999). Jurisdiction of forcible detainer actions is expressly given to the justice court of the precinct where the property is located and, on appeal, to county courts for a trial de novo. *See* TEX. PROP. CODE ANN. § 24.004 (West 2010); *Weber*, 72 S.W.3d at 731.

4

The appellate jurisdiction of a statutory county court is confined to the jurisdictional limits of the justice court, and the county court has no jurisdiction over an appeal unless the justice court had jurisdiction. *See Weber*, 72 S.W.3d at 731; *Crumpton v. Stevens*, 936 S.W.2d 473, 476 (Tex. App.—Fort Worth 1996, no writ). A justice court is expressly denied jurisdiction to determine or adjudicate title to land. *See* TEX. GOV'T CODE ANN. § 27.031(b) (West 2010); *Weber*, 72 S.W.3d at 732. Thus, neither a justice court, nor a county court on appeal, has jurisdiction to determine the issue of title to real property in a forcible detainer suit. *See Weber*, 72 S.W.3d at 732 (citing TEX. R. CIV. P. 746).

We disagree with the arguments made by appellant in her first issue for two reasons. First, although appellant contends that title was at issue, there is nothing in the record to support that contention. In fact, the record is to the contrary. The lower courts did not resolve any disputes concerning title to the property. In a finding of fact that appellant has not challenged on appeal, the county court at law found, "At all times [appellee] was the owner of the property and [appellant] did not raise any issues as to title." The finding is consistent with the terms of the contract, under which appellant's rights upon default are limited to seeking to refinance the transaction. Specifically, the contract provides, "After 12 months, if buyer cannot close on the property the seller may consider refinancing the house with another down payment and an additional $50,000 to the original sales price for one more year paid in advance." In light of the foregoing, there is no basis to conclude that the lower courts adjudicated issues of title and thereby exceeded their jurisdiction.

Second, we disagree with appellant's contention that appellee has no contractual right to take possession of the property upon default. In relevant part, the contract

5

provides, "If buyer defaults from non-payment seller has the right after 60 days, to take possession of the property and all monies collected from the buyer up to date become non-refundable." This language creates a clear right allowing appellee "to take possession of the property."

Moreover, the language of the contract distinguishes the instant case from the situation presented to the Waco Court of Appeals in *Weber*, the primary authority on which appellant relies. *See Weber*, 72 S.W.3d at 732. *Weber* involved a similar set of facts. As in this case, there was a breach of a contract for the sale of real property, which became the subject of a suit for forcible detainer in justice court, followed by an appeal to a county court at law. *See id.* at 731. Following the entry of a final judgment in the county court, the case was appealed to the Waco Court of Appeals, which held that the lower courts lacked jurisdiction. *See id.* at 735. Appellant argues that the same result should be reached in this case. We disagree.

In *Weber*, the court explained that "determining the right of possession necessarily involved a title inquiry into the contract to purchase land, unless the contract created a landlord-tenant relationship or other independent basis for determining possession upon default." *Id.* at 734-35. In holding that the lower courts lacked jurisdiction, the court specifically relied on the fact that "the contract does not provide that in the event of default the Webers can institute a detainer suit to establish possession." *Id.* at 732. In contrast, the contract in this case gives Appellee the right "to take possession of the property" upon default, a right which is properly asserted through an action for forcible detainer. *See Yarto v. Gilliland*, 287 S.W.3d 83, 89 (Tex. App.—Corpus Christi 2009, no pet.) ("To prevail in a forcible detainer action, a plaintiff is not required to prove title, and is required only to show sufficient evidence of ownership

6

to demonstrate a superior right to immediate possession."); *see also Ward v. Malone*, 115 S.W.3d 267, 270 (Tex. App.—Corpus Christi 2003, pet. denied) ("The forcible detainer action is the procedure by which the right to immediate possession of the premises is determined."). This is precisely "the other independent basis for determining possession upon default" which the court found to be absent in *Weber*. *See Weber*, 72 S.W.3d at 734. The inclusion of the language in the parties' contract in this case leads to a different result than the conclusion reached by the court in *Weber*.

Appellant argues further that the provision should not be given force or effect. Appellant points out that the language is found in the paragraph containing her obligation to make monthly payments in the amount of $3,500 and not in the paragraph containing her obligation to make a lump sum payment of $603,000. Under appellant's interpretation, appellee's right to take possession of the property is limited solely to defaults involving monthly payments and does not include default on the final payment of $603,000. We disagree.

Although the location of the contract provision is relevant, this factor alone is insufficient to outweigh the plain meaning of the contract's language. *See Piper, Stiles & Ladd v. Fid. & Deposit Co.*, 435 S.W.2d 934, 939 (Tex. App.—Houston [1st Dist.] 1968, writ ref'd n.r.e.) ("Rules of construction as applied to contracts are for the purpose of enabling the court to ascertain from the language used the manner and extent to which the parties intended to be bound. It is the duty of the court to look to the entire instrument so that the effect or meaning of one part on any other part may be determined."). Appellant's reading of the contract leads to an incongruous result that cannot be reconciled with the contract as a whole. Under appellant's interpretation of the contract, appellee is entitled to take possession of the property in the event

7

appellant fails to make one or more of the twelve monthly payments, but not entitled to take possession in the event of default involving the final payment in the amount of $603,000. This is inconsistent with the contract as a whole.

Furthermore, appellant's interpretation is inconsistent with the plain meaning of the language in the contract. Appellee's right to take possession is triggered if appellant "defaults from non-payment." The default provision is not limited to "non-payment" involving the monthly installments of $3,500, but is open-ended and unqualified. Therefore, it includes any "non-payment" under the contract. Thus, based on the plain meaning of the contract language, appellant's failure to make the lump sum payment of $603,000 is a "non-payment" event sufficient to trigger the default provision relied upon by appellee. *See DeWitt Cty. Elec. Coop. v. Parks*, 1 S.W.3d 96, 101 (Tex. 1999) ("The language in an agreement is to be given its plain grammatical meaning unless to do so would defeat the parties intent."). Moreover, once the default provision is triggered, appellant forfeits "all monies collected," including all monthly payments as well as the two initial payments totaling $80,000. This further supports the conclusion that the default provision is triggered not solely by non-payment of the monthly installments but by any non-payment of monies due under the contract. This interpretation gives effect to all provisions of the contract and is consistent with the findings of fact and conclusions of law entered by the county court.

Accordingly, for the reasons set forth above, we conclude that the lower courts had jurisdiction over the case and overrule appellant's first issue.

### B. Calculation of Rent Owed

In her second issue, appellant argues that the county court miscalculated the amount of rent owed to appellee. Specifically, appellant contends that the county court

erred by including "two months' rent to which appellee would in no event be entitled." Because appellant contends that there is no evidence to support the award, we construe this as a challenge to the legal sufficiency of the evidence to support the award of damages. *See* TEX. R. APP. P. 33.1(d) ("In a nonjury case, a complaint regarding the legal or factual sufficiency of the evidence . . . include[s] a complaint that the damages found by the court are excessive or inadequate").

We sustain a no-evidence complaint if the record shows one of the following: (1) there is no evidence supporting the challenged element; (2) the evidence offered to prove the challenged element is no more than a scintilla; (3) the evidence establishes the opposite of the challenged element; or (4) the court is barred by law or the rules of evidence from considering the only evidence offered to prove the challenged element. *See City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005).

The evidence offered at trial establishes that appellant retained possession of the property after April 1, 2010, when she failed to make the final payment of $603,000. Appellant's possession of the property continued until September 14, 2010, for a total of approximately five months and two weeks. In its findings of fact, the county court noted that appellee "put on evidence that [appellant] owed $3,500 per month for remaining in possession of the property after [appellant] defaulted under the Agreement for Purchase of Real Estate" and that appellant "did not offer evidence indicating that $3,500 was not correct or was an unreasonable amount per month for remaining in possession after April 1, 2010." The court concluded that "[a] reasonable amount of rent for the period of sufferance is $17,500." Based on the foregoing, it appears that the county court accepted the monthly rate of $3,500 and calculated the amount due based on five months, rather than five months and two weeks. Appellant contends that the court

9

should have calculated the amount due based on three months. Appellant argues that she did not become a tenant at sufferance until 60 days after April 1, 2010, when she defaulted on the final payment of $603,000. We disagree.

The evidence adduced at trial supports the conclusion of the county court that appellant became a tenant at sufferance after April 1, 2010. At that time, appellant remained in possession of the premises, even though she had breached the contract by failing to make the final payment of $603,000. There is no evidence in the record to indicate that appellant sought appellee's agreement to refinance the transaction, as the contract provides. More importantly, there is no evidence that the parties agreed to allow appellant to continue possessing the premises without paying rent. In the absence of a new agreement, appellant was in a situation similar to a tenant who remains in possession of the premises after termination of a lease. *See Bockelmann v. Marynick*, 788 S.W.2d 569, 571 (Tex. 1990). Under such circumstances, the tenant occupies the premises "wrongfully and is said to have a tenancy at sufferance," which is exactly what the county court ruled in this case. *Id.* Accordingly, we find the evidence legally sufficient to support the trial court's award and overrule appellant's second issue.

## C. Reasonable Rental Value of Premises

In her third issue, appellant argues that the trial court erred in rendering judgment for unpaid rent because appellant in fact remitted to appellee more than the amount of rent due for the relevant period. We find this issue to be largely duplicative of the arguments raised in appellant's second issue. As set forth above, the evidence is legally sufficient to support the trial court's award. Appellant has merely added an argument that the payments she made pursuant to the contract prior to her breach should be deemed sufficient rent for the period when she was a tenant at sufferance.

10

"Appellant concedes . . . that appellee was entitled to payment for the reasonable rental value of the premises during the period of possession . . . .  Appellant further stipulates that the premises at issue had a reasonable monthly rental value of $3,500."  In exchange for these concessions, appellant asks this Court to consider that she remitted to appellee $122,000 during the parties' course of dealing, whereas the rental value of the premises for the time period was only $67,308.31.  Based on these calculations, appellant argues that the county court erred in awarding the rental value of the premises during the period of possession.  We disagree.

Courts cannot make new contracts for the parties, nor can they revise a contract, while professing to construe it, so as to impose upon one party an obligation not assumed by him under the plain language of the contract.  *See Piper, Stiles & Ladd*, 435 S.W.2d at 939.  Under the plain language of the contract in this case, the parties agreed that in the event of default all payments made by appellant would be non-refundable.  Appellant argues that the county court should have credited the non-refundable amounts she paid under the contract toward the rental value of the premises for the period of time that she possessed the property without a contractual right to do so.  This would have been improper because it is tantamount to revising the existing contract and would have thereby imposed new obligations on appellee.  The county court did not err by construing the contract as written and enforcing it according to the plain meaning of its language.  We therefore overrule appellant's third issue.

### D.  Attorney's Fees and Costs

In her fourth issue, appellant argues that the county court at law erred in awarding attorney's fees and court costs to appellee.  Appellant makes three arguments

11

in support of this issue. As set forth below, we disagree with the first argument, agree with the second, and do not reach the merits of the third.

First, appellant contends that the county court at law erred in awarding attorney's fees and costs because this matter was not properly before the lower courts as an action for forcible detainer. In support of this contention, appellant incorporates the arguments raised in her first issue, which we have overruled for the reasons set forth above. We have already concluded that the lower courts properly exercised jurisdiction over this matter as an action for forcible detainer. Therefore, this argument presents the Court with no additional matters to address.

Second, appellant contends that appellee failed to meet the requirements of the statutory notice provisions of section 24.006 of the property code, which states in relevant part:

> "[T]o be eligible to recover attorney's fees in an eviction suit, a landlord must give a tenant who is unlawfully retaining possession of the landlord's premises a written demand to vacate the premises. The demand must state that if the tenant does not vacate the premises before the 11th day after the date of receipt of the notice and if the landlord files suit, the landlord may recover attorney's fees. The demand must be sent by registered mail or by certified mail, return receipt requested, at least 10 days before the date the suit is filed."

TEX. PROP. CODE ANN. § 24.006(a) (West 2010). Rule 752 of the Texas Rules of Civil Procedure, which governs the award of damages in suits for forcible entry and detainer, authorizes an award of attorney's fees only if there has been compliance with section 24.006:

> "Damages may include but are not limited to loss of rentals during the pendency of the appeal and reasonable attorney fees in the justice and country courts provided, as to attorney

12

> fees, that the requirements of Section 24.006 of the Texas Property Code have been met."

TEX. R. CIV. P. 752.

Appellee concedes that its demand letter failed to include the required notice concerning the recovery of attorney's fees, but argues that because appellant did not raise the issue before the county court, she is barred from raising the issue for the first time on appeal. We disagree.

The issue raised by appellant is in the nature of a challenge to the sufficiency of the evidence supporting the award of attorney's fees. *See French v. Moore*, 169 S.W.3d 1, 17-18 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (holding attorney's fees were not recoverable in action for forcible detainer because evidence was not legally sufficient to prove landlord's compliance with mandatory notice requirements of section 24.006 of the Texas Property Code). In a nonjury case, such as this, no objection in the trial court is necessary to appeal based on the legal or factual sufficiency of the evidence. *See* TEX. R. APP. P. 33.1(d); *SAVA Gumarska v. Advanced Polymer Sci., Inc.*, 128 S.W.3d 304, 317 (Tex. App.—Dallas 2004, no pet.).

In order to award attorney's fees, the county court was required to find either that appellee complied with the property code's mandatory notice requirements or that a written lease entitled appellee to recover attorney's fees. *See* TEX. PROP. CODE § 24.006(a)-(b). The court did not make either of those findings. Nor was there any evidence to support such findings. Appellee did not satisfy the mandatory notice requirements of the statute, and the parties' contract does not entitle appellee to recover attorney's fees.

13

Accordingly, we conclude there was no basis for the county court at law to award attorney's fees. See TEX. R. CIV. P. 752 (authorizing award of attorney's fees provided "that the requirements of Section 24.006 of the Texas Property Code have been met"). We therefore sustain appellant's challenge to the sufficiency of the evidence to support the award. Having concluded that appellee was not entitled to recover attorney's fees, we need not reach the merits of appellant's third argument concerning the sufficiency of the evidence to support the amount of the award. See TEX. R. APP. P. 47.1.

## IV. Conclusion

We reverse the portion of the judgment of the county court at law awarding attorney's fees to appellee in the amount of $5,000 and render a take nothing judgment on the claim for attorney's fees. See TEX. R. APP. P. 43.2(c). We affirm the remainder of the judgment. See TEX. R. APP. P. 43.2(a).

_____
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
4th day of August, 2011.

14